JOHN W. HOWARD (SBN 80200)
SCOTT J. STREET (SBN 258962)
JW Howard/ Attorneys, Ltd.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel: 619-234-2842; Fax 619-234-1716
Johnh@jwhowardattorneys.com
Sstreet@jwhowardattorneys.com

NICHOLAS R. BARRY (*pro hac vice*)
IAN PRIOR (*pro hac vice*)
America First Legal Foundation
611 Pennsylvania Ave, SE #231
Washington, DC 20003
Telephone: (615) 431-9303
nicholas.barry@aflegal.org
ianprior@aflegal.org

*Counsel for Plaintiff*

MOLLY M. LENS (Cal. Bar
#283867)
O'Melveny & Myers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Tel: (310) 553-6700
Fax:  (310) 246-6779
mlens@omm.com

NATASHA W. TELEANU (*pro hac vice*)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th
Floor
New York, New York 10019
Telephone:  +1 212 326 2000
Facsimile:   +1 212 326 2061
nteleanu@omm.com

JOSHUA REVESZ (*pro hac vice*)
O'Melveny & Myers LLP
1625 Eye Street, NW Washington,
DC 20006
Telephone: (202) 383-5300
Facsimile:  (202) 383-5414
jrevesz@omm.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BENEKER<br><br>            Plaintiff,<br><br>        v.<br><br>CBS STUDIOS, INC. and<br>PARAMOUNT GLOBAL,<br><br>            Defendants. | Case No.: 2:24-cv-01659-JFW-SSC<br><br>STIPULATED PROTECTIVE<br>ORDER[1] |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Stephanie S. Christensen's Procedures as of 24 July 2023.

## 1.   **INTRODUCTION**

1.1   <u>Purposes and Limitations</u>.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2   <u>Good Cause Statement</u>.

This action is likely to involve trade secrets and other valuable commercial, financial, technical and/or proprietary information, including, for example, non-public information about the creation of *SEAL Team* as well personnel-related information for third-parties, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this

1    matter.  It is the intent of the parties that information will not be designated as

2    confidential for tactical reasons and that nothing be so designated without a good

3    faith belief that it has been maintained in a confidential, non-public manner, and

4    there is good cause why it should not be part of the public record of this case.

5              1.3    Acknowledgment of Procedure for Filing Under Seal.  The parties

6    further acknowledge, as set forth in Section 12.3, below, that this Stipulated

7    Protective Order does not entitle them to file confidential information under seal;

8    Local Rule 79-5 sets forth the procedures that must be followed and the standards

9    that will be applied when a party seeks permission from the court to file material

10   under seal.

11             There is a strong presumption that the public has a right of access to judicial

12   proceedings and records in civil cases.  In connection with non-dispositive motions,

13   good cause must be shown to support a filing under seal.  *See Kamakana v. City*

14   *and Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips ex rel. Ests. of*

15   *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), *Makar-*

16   *Welbon v. Sony Elecs., Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated

17   protective orders require good cause showing), and a specific showing of good

18   cause or compelling reasons with proper evidentiary support and legal justification,

19   must be made with respect to Protected Material that a party seeks to file under

20   seal.  The parties' mere designation of Disclosure or Discovery Material as

21   CONFIDENTIAL does not—without the submission of competent evidence by

22   declaration, establishing that the material sought to be filed under seal qualifies as

23   confidential, privileged, or otherwise protectable—constitute good cause.

24             Further, if a party requests sealing related to a dispositive motion or trial,

25   then compelling reasons, not only good cause, for the sealing must be shown, and

26   the relief sought shall be narrowly tailored to serve the specific interest to be

27   protected.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir.

28   2010).  For each item or type of information, document, or thing sought to be filed

3

or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2.     DEFINITIONS

2.1     Action: *Brian Beneker v. CBS Studios et al.*, No. 2:24-cv-01659-JFW-SSC.

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

4

1    among other things, testimony, transcripts, and tangible things), that are produced or

2    generated in disclosures or responses to discovery in this matter.

3        2.7    Expert: a person with specialized knowledge or experience in a matter

4    pertinent to the litigation who has been retained by a Party or its counsel to serve as

5    an expert witness or as a consultant in this Action.

6        2.8    Final Disposition:  the later of (1) dismissal of all claims and defenses

7    in this Action, with or without prejudice; and (2) final judgment herein after the

8    completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

9    this Action, including the time limits for filing any motions or applications for

10   extension of time pursuant to applicable law.

11       2.9    In-House Counsel: attorneys who are employees of a party to this

12   Action. In-House Counsel does not include Outside Counsel of Record or any other

13   outside counsel.

14       2.10   Non-Party: any natural person, partnership, corporation, association, or

15   other legal entity not named as a Party to this action.

16       2.11   Outside Counsel of Record: attorneys who are not employees of a party

17   to this Action but are retained to represent or advise a party to this Action and have

18   appeared in this Action on behalf of that party or are affiliated with a law firm which

19   has appeared on behalf of that party, and includes support staff.

20       2.12   Party: any party to this Action, including all of its officers, directors,

21   employees, consultants, retained experts, and Outside Counsel of Record (and their

22   support staffs).

23       2.13   Producing Party: a Party or Non-Party that produces Disclosure or

24   Discovery Material in this Action.

25       2.14   Professional Vendors: persons or entities that provide litigation-

26   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

27   demonstrations, and organizing, storing, or retrieving data in any form or medium)

28   and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

For the avoidance of doubt, the designation of any documents or information as "confidential" under this Stipulation and Order does not cover the following information: (a) any information that is independently in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order and (b) any information independently known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  For the avoidance of doubt, however, any documents designated as "confidential" pursuant to this Stipulation and Order must be treated as such, unless and until the designation is withdrawn and/or the Court rules otherwise or the document is otherwise independently in the possession of the author or intended recipient(s) of a document (including persons who are "CC'd" or "BCC'd") prior to the designation of the document as "confidential".

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected

1    Material at trial.

2

3    **4.    <u>TRIAL AND DURATION</u>**

4          The terms of this Stipulated Protective Order apply through Final Disposition

5    of the Action.

6          Once a case proceeds to trial, information that was designated as

7    CONFIDENTIAL or maintained pursuant to this Stipulated Protective Order and

8    used or introduced as an exhibit at trial becomes public and will be presumptively

9    available to all members of the public, including the press, unless compelling

10    reasons supported by specific factual findings to proceed otherwise are made to the

11    trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180–81

12    (distinguishing "good cause" showing for sealing documents produced in discovery

13    from "compelling reasons" standard when merits-related documents are part of

14    court record). Accordingly, for such materials, the terms of this Stipulated

15    Protective Order do not extend beyond the commencement of the trial.

16          Even after Final Disposition of this litigation, the confidentiality obligations

17    imposed by this Stipulated Protective Order shall remain in effect until a

18    Designating Party agrees otherwise in writing or a court order otherwise directs.

19    Final disposition shall be deemed to be the later of (1) dismissal of all claims and

20    defenses in this Action, with or without prejudice; and (2) final judgment herein

21    after the completion and exhaustion of all appeals, rehearings, remands, trials, or

22    reviews of this Action, including the time limits for filing any motions or

23    applications for extension of time pursuant to applicable law.

24

25    **5.    <u>DESIGNATING PROTECTED MATERIAL</u>**

26          5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

27    Each Party or Non-Party that designates information or items for protection under

28    this Order must take care to limit any such designation to specific material that

1   qualifies under the appropriate standards.

2        Mass, indiscriminate, or routinized designations are prohibited. Designations

3   that are shown to be clearly unjustified or that have been made for an improper

4   purpose (e.g., to unnecessarily encumber the case development process or to

5   impose unnecessary expenses and burdens on other parties) may expose the

6   Designating Party to sanctions.

7        If it comes to a Designating Party's attention that information or items that it

8   designated for protection do not qualify for protection, that Designating Party must

9   promptly notify all other Parties that it is withdrawing the inapplicable designation.

10        5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

11   this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a)

12   below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that

13   qualifies for protection under this Stipulated Protective Order must be clearly so

14   designated before the material is disclosed or produced.

15        Designation in conformity with this Stipulated Protective Order requires:

16        (a) for information in documentary form (e.g., paper or electronic

17   documents, but excluding transcripts of depositions or other pretrial or trial

18   proceedings), that the Producing Party affix at a minimum, the legend

19   "CONFIDENTIAL" to each page that contains protected material.

20        A Party or Non-Party that makes original documents available for inspection

21   need not designate them for protection until after the inspecting Party has indicated

22   which documents it would like copied and produced.  During the inspection and

23   before the designation, all of the material made available for inspection shall be

24   deemed CONFIDENTIAL.  After the inspecting Party has identified the documents

25   it wants copied and produced, the Producing Party must determine which

26   documents qualify for protection under this Stipulated Protective Order.  Then,

27   before producing the specified documents, the Producing Party must affix the

28   "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a

portion or portions of the material on a page qualifies for protection, the Producing

Party also must clearly identify the protected portion(s) (e.g., by making

appropriate markings in the margins).

   (b) for testimony given in depositions, the Designating Party may

provisionally designate the entirety of deposition testimony as "CONFIDENTIAL,"

with the obligation to identify more specific portions of the testimony as to which

protection is sought within 30 days following receipt of the deposition transcript (or

within the time otherwise agreed by the Parties).

   (c) for information produced in some form other than documentary and

for any other tangible items, that the Producing Party affix in a prominent place on

the exterior of the container or containers in which the information is stored the

"CONFIDENTIAL" legend.  If only a portion or portions of the information

warrants protection, the Producing Party, to the extent practicable, shall identify the

protected portion(s).

  5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive

the Designating <u>Party's</u> right to secure protection under this Order for such material.

Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this

Stipulated Protective Order.


**6.**  **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

  6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

designation of confidentiality at any time that is consistent with the court's

Scheduling Order.  Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

unnecessary economic burdens, or a significant disruption or delay of the litigation,

a Party does not waive its right to challenge a confidentiality designation by

1    electing not to mount a challenge promptly after the original designation is

2    disclosed.

3        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

4    resolution process under Local Rule 37.1 et seq. and with Section 2 of Judge

5    Christensen's Civil Procedures titled "Brief Pre-Discovery Motion Conference."[2]

6        6.3    The burden of persuasion in any such challenge proceeding shall be on

7    the Designating Party.  Frivolous challenges, and those made for an improper

8    purpose (e.g., to harass or impose unnecessary expenses and burdens on other

9    parties) may expose the Challenging Party to sanctions.  Unless the Designating

10   Party has waived or withdrawn the confidentiality designation (including by failing

11   to file the stipulation required by Local Rule 37-2.1), all parties shall continue to

12   afford the material in question the level of protection to which it is entitled under

13   the Producing Party's designation until the court rules on the challenge.

14

15   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

16       7.1    Basic Principles.  A Receiving Party may use Protected Material that

17   is disclosed or produced by another Party or by a Non-Party in connection with this

18   Action only for prosecuting, defending, or attempting to settle this Action.  Such

19   Protected Material may be disclosed only to the categories of persons and under the

20   conditions described in this Order.  When the Action reaches a Final Disposition, a

21   Receiving Party must comply with the provisions of section 13 below.

22   Protected Material must be stored and maintained by a Receiving Party at a

23   location and in a secure manner that ensures that access is limited to the persons

24   authorized under this Stipulated Protective Order.

25       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

26

27   _____

28   [2] Judge Christensen's Procedures are available at
     https://www.cacd.uscourts.gov/honorable-stephanie-s-christensen.

otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated

"CONFIDENTIAL" only:

> (a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action

> (b) to the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

> (c) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

> (d) to the court and its personnel;

> (e) to court reporters and their staff;

> (f) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

> (g) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

> (h) any deposition or non-trial hearing witness in the Action (including, for the avoidance of doubt, in preparation for such testimony) who previously did not have access to the Confidential Materials (including any counsel for such individuals); provided, provided: (1) the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

> (i) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED
PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION**

9.1    Application.  The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

1  Nothing in these provisions should be construed as prohibiting a Non-Party from

2  seeking additional protections.

3       9.2    Notification.  In the event that a Party is required, by a valid discovery

4  request, to produce a Non-Party's confidential information in its possession, and the

5  Party is subject to an agreement with the Non-Party not to produce the Non-

6  Party's confidential information, then the Party shall:

7       (a)   promptly notify in writing the Requesting Party and the Non-Party

8  that some or all of the information requested is subject to a confidentiality

9  agreement with a Non-Party;

10      (b)  make the information requested available for inspection by the Non-

11  Party, if requested.

12      9.3    Conditions of Production.  If the Non-Party fails to seek a protective

13  order from this court within 14 days of receiving the notice and accompanying

14  information, the Receiving Party may produce the Non-Party's confidential

15  information responsive to the discovery request.  If the Non-Party timely seeks a

16  protective order, the Receiving Party shall not produce any information in its

17  possession or control that is subject to the confidentiality agreement with the Non-

18  Party before a determination by the court.  Absent a court order to the contrary, with

19  the court having discretion to shift costs, the Non-Party shall bear the burden and

20  expense of seeking protection in this court of its Protected Material.

21

22  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

23      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24  Protected Material to any person or in any circumstance not authorized under this

25  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

26  writing the Designating Party of the unauthorized disclosures, (b) use its best

27  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

28  person or persons to whom unauthorized disclosures were made of all the terms of

1   this Order, and (d) request such person or persons to execute the "Acknowledgment

2   and Agreement to Be Bound" (Exhibit A).

3

4   **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

5         **PROTECTED MATERIAL**

6         When a Producing Party gives notice to Receiving Parties that certain

7   inadvertently produced material is subject to a claim of privilege or other

8   protection, the obligations of the Receiving Parties are those set forth in Rule

9   26(b)(5)(B) of the Federal Rules of Civil Procedure.  This provision is not intended

10  to modify whatever procedure may be established in an e-discovery order that

11  provides for production without prior privilege review.  Pursuant to Federal Rule of

12  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

13  disclosure of a communication or information covered by the attorney-client

14  privilege or work product protection, the parties may incorporate their agreement in

15  the stipulated protective order submitted to the court.

16

17  **12.   MISCELLANEOUS**

18        12.1   Right to Further Relief.  Nothing in this Stipulated Protective Order

19  abridges the right of any person to seek its modification by the court in the future.

20        12.2   Right to Assert Other Objections.  By stipulating to the entry of this

21  Stipulated Protective Order no Party waives any right it otherwise would have to

22  object to disclosing or producing any information or item on any ground not

23  addressed in this Stipulated Protective Order.  Similarly, no Party waives any right

24  to object on any ground to use in evidence of any of the material covered by this

25  Stipulated Protective Order.  And nothing in these provisions should be construed

26  as prohibiting a Party from seeking additional protections.

27        12.3   Filing Protected Material.  A Party that seeks to file under seal any

28  Protected Material must comply with Local Rule 79-5. Protected Material may

1  only be filed under seal pursuant to a court order authorizing the sealing of the

2  specific Protected Material at issue.  If a Party's request to file Protected Material

3  under seal is denied by the court, then the Receiving Party may file the information

4  in the public record unless otherwise instructed by the court.

5

6  **13.    FINAL DISPOSITION**

7    After the Final Disposition of this Action, as defined in paragraph 4, within

8  60 days of a written request by the Designating Party, each Receiving Party must

9  return all Protected Material to the Producing Party or destroy such material.  As

10 used in this subdivision, "all Protected Material" includes all copies, abstracts,

11 compilations, summaries, and any other format reproducing or capturing any of the

12 Protected Material.  Whether the Protected Material is returned or destroyed, the

13 Receiving Party must submit a written certification to the Producing Party (and, if

14 not the same person or entity, to the Designating Party) by the 60 day deadline that

15 (1) identifies (by category, where appropriate) all the Protected Material that was

16 returned or destroyed and (2) affirms that the Receiving Party has not retained any

17 copies, abstracts, compilations, summaries or any other format reproducing or

18 capturing any of the Protected Material. Notwithstanding this provision, Counsel is

19 entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

20 and hearing transcripts, legal memoranda, correspondence, deposition and trial

21 exhibits, expert reports, attorney work product, and consultant and expert work

22 product, even if such materials contain Protected Material.  Any such archival

23 copies that contain or constitute Protected Material remain subject to this Protective

24 Order as set forth in Section 4.

25 ///

26 ///

27 ///

28 ///

15

14. **VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 8, 2024          */s/ Michelle D. Volk*

                                 Attorney for Plaintiff

DATED: November 8, 2024          */s/ Nicholas R. Barry*

                                 Attorney for Plaintiff

DATED: November 8, 2024          */s/ Molly M. Lens*

                                 Attorney for Defendants

**ATTESTATION OF FILING**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I, Michelle D. Volk, hereby attest that concurrence in the filing has been obtained from counsel with conformed signatures above.

                                 */s/ Michelle D. Volk*
                                 Michelle D. Volk
                                 Attorney for Plaintiff

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

DATED:_____          _____

                                 Stephanie S. Christensen

                                 United States Magistrate Judge

16

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[print or type full name]**, of

_____ **[print or type full address]**, declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District

of California on _____**[date]** in the case of *Brian Beneker v. CBS Studios*

*et al.*, Case No. 2:24-cv-01659-JFW. I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ **[print**

**or type full name]** of _____ **[print or type full address and telephone**

**number]** as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and

signed: _____

Printed name: _____

Signature: _____

17

1

**CERTIFICATE OF SERVICE**

2

At the time of service, I was over 18 years of age and not a party to this

3

action. I am employed by JW Howard/Attorneys, LTD. in the County of San

4

Diego, State of California. My business address is 600 West Broadway, Suite

5

1400, San Diego, California 92101.

6

On November 8, 2024, I electronically served the **STIPULATED**

7

**PROTECTIVE ORDER** and served the documents using the Court's Electronic

8

CM/ECF Service which will send electronic notification of such filing to all

9

registered counsel.

10

11

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

12

Executed on November 8, 2024 at San Diego, California.

13

14

15

/s/ Dayna Dang                              _
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com

16

17

18

19

20

21

22

23

24

25

26

27

28

18